**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 13-1177, 13-1178
_____

UNITED STATES OF AMERICA

v.

VINCENT D. MIDDLEBROOKS,
                              Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-11-cr-00237-007 and No. 2-12-cr-00239-001)
District Judge:  Honorable Alan N. Bloch

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 31, 2013

Before:  McKEE, *Chief Judge*, FISHER and SLOVITER, *Circuit Judges*.

(Opinion filed: February 12, 2015)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Chief Judge*.

Vincent D. Middlebrooks appeals the sentences imposed following his guilty pleas for various drug-related offenses. Middlebrooks claims that the District Court failed to sufficiently consider all of the pertinent 18 U.S.C. § 3553(a) sentencing principles. For the reasons that follow, we disagree and will affirm.

**I.**

We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Middlebrooks is asserting procedural error by the district court in not considering the sentencing factors set forth in 18 U.S.C. § 3553(a). Ordinarily, where procedural error is asserted, the standard of review is for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). However, the government argues that plain error review is applicable here as Middlebrooks did not object for procedural error at sentencing. (Appellee Br. at 3.)

In *United States v. Flores-Mejia*, 759 F.3d 253 (3d Cir. 2014) (en banc), we held that "a defendant must raise any procedural objection to his sentence at the time the procedural error is made, *i.e.*, when sentence is imposed without the court having given meaningful review to the objection." *Id.* at 256. However, we also held that this new procedural requirement would *not* be applied retroactively. *Id.* at 259. *Flores-Mejia* was decided on July 16, 2014. Middlebrooks' sentences were imposed on January 7, 2013, well before the decision in *Flores-Mejia*. Accordingly, we will review for abuse of discretion.

2

"[A] district court abuses its discretion when it fails to give 'meaningful consideration' to an argument advanced by the defendant." *Id.* "The record must disclose meaningful consideration of the relevant statutory factors and the exercise of independent judgment, based on a weighing of the relevant factors, in arriving at a final sentence." *United States v. Grier*, 475 F.3d 556, 571–72 (3d Cir. 2007) (en banc) (citing *United States v. Cooper*, 437 F.3d 324, 329–32 (3d Cir. 2006)).

## II.

District courts must engage in a three step sentencing process. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (citing *United States v. King*, 454 F.3d 187 (3d Cir. 2006)). The three steps are as follows:

> (1) Courts must . . . calculate a defendant's Guidelines sentence . . . . (2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation . . . . (3) Finally, they are required to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

*Id.* (alterations, citations, and internal quotation marks omitted).

Middlebrooks' base offense level was 34. (Supp. App.[1] 24 ¶ 2.) This level was then increased by two levels because Middlebrooks was convicted under 18 U.S.C. § 1956(h). (Supp. App. 24 ¶ 3.) Middlebrooks' offense level was then decreased by two levels for his acceptance of responsibility for his criminal conduct. (Supp. App. 24 ¶ 4.) The offense level was then decreased an additional level because he timely notified

---

[1] This abbreviation refers to the Supplemental Appendix submitted to this Court.

authorities of his intent to plead guilty. (Supp. App. 24 ¶ 5.) Thus, Middlebrooks' total offense level was determined to be 33. (Supp. Appl. 24 ¶ 6.)

However, at the sentencing hearing, after considering that Middlebrooks was responsible for distributing at least a hundred and fifty kilograms of cocaine, the District Court determined that his base offense level was 38. (App. 139.) Applying the same additions and reductions, the District Court ultimately reduced the offense level to 37. (App. 139.) Thus, with a criminal history category of I, the District Court concluded that the recommended Guidelines sentencing range is 210 to 262 months. (App. 139.) The district court imposed an aggregated sentence of 240 months imprisonment followed by a period of three years of supervised release. There does not appear to be any disagreement between the parties as to these calculations. Rather, Middlebrooks claims that the District Court failed to consider all § 3553(a) sentencing factors after the Guidelines sentencing range was determined.

18 U.S.C. § 3553(a) sets forth factors to be considered in imposing a criminal sentence. Of the seven factors included in § 3553(a), only the first two are relevant here:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

4

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a).

Middlebrooks alleges that the District Court's sentence was "driven exclusively by the amount of cocaine involved in the offense" and "without addressing any of the § 3553(a) factors."[2] (Appellant Br. 8 (emphasis omitted).) Middlebrooks claims that the District Court did not sufficiently consider that this was his first conviction, the lack of violence in the offenses, his long employment history, or his active involvement as a father. (Appellant Br. 8–9.) Further, Middlebooks claims that there is no evidence of great measures taken to avoid law enforcement or any sophistication to the drug operation, as the District Court claimed. (Appellant Br. 7–8.) Additionally, he claims that the District Court did not consider rehabilitation. (Appellants Br. 8–9.) Thus, Middlebrooks asks this Court to vacate and remand the District Court's judgment because the District Court did not "engage in a real and meaningful § 3553(a) analysis." (Appellant Br. 10.) We disagree.

As an initial matter, Middlebrooks is correct in arguing that the District Court's sentence was largely driven by the amount of cocaine involved in the offense, but that was not to the exclusion of other pertinent factors. Indeed, the District Court stated: "The enormous scope of the cocaine trafficking . . . demonstrates that a substantial sentence is needed. This was a very large scale drug operation, involving hundreds of kilograms of

---

[2] Notably, Middlebrooks claims that the District Court failed to consider the relevant factors, while also claiming that he disagreed with its consideration of the factors.

cocaine . . . ."  (App. 145.)  Before making this statement, however, the District Court considered other factors that Middlebrooks incorrectly claims the District Court neglected to consider.

With reference to Middlebrooks' lack of criminal history, the District Court specifically referenced this factor before determining that it was not persuaded to reduce his sentence:

> [T]he fact that he has no prior convictions has been taken into account by the fact that he has been placed in the lowest possible criminal history category under the Guidelines and has thereby received a lower recommended sentencing range.
>
> There is nothing in the record to suggest that any additional reduction is warranted.  Indeed, although, defendant has no prior convictions, he has been involved with the criminal justice system before. And, as such, he is not significantly different from other defendants in Criminal History Category I.

(App. 144–45.)  Thus, Middlebrooks' claim that the District Court did not consider his lack of criminal history has no merit.

With reference to Middlebrooks' family life, the District Court stated that "nothing about his family life [ ] distinguishes him from the many criminal defendants whose relationships with their families are damaged by the criminal conduct."  (App. 145.)  Additionally, the District Court explained its denial to recommend Middlebrooks for the 500-hour drug treatment program, referencing the high demand for the program and the inability to allow all who want to participate to do so.  (App. 146.)  The District Court stated that "[r]ecommending [Middlebrooks] for such a program when, at best, he has

6

minor issues with marijuana, may well deprive a more deserving inmate access to the program." (App. 146.)

The District Court's reference to the "relative sophistication of the [cocaine trafficking] operation" and the "great measures [taken] to avoid detection by law enforcement," (App. 145), have ample support in the record.[3]

Any objective reading of this record readily confirms that the District Court considered the relevant factors and the unique circumstances of this case before imposing sentence. Accordingly, the District Court did not abuse its discretion in imposing Middlebrooks' sentences.

IV.

Accordingly, we will affirm Middlebrooks' sentences.

---

[3] The record reveals that the cocaine conspiracy had been ongoing since at least December 4, 2009, that Middlebrooks had traveled between Texas and Ohio to participate in the conspiracy, that a tractor trailer was utilized, and that multiple kilograms and millions of dollars worth of cocaine was involved. (App. 55–57, 143.) Further, the scope of the investigation itself is evidence of Middlebrooks' efforts to avoid detection by law enforcement. (App. 54–57.)